*297
 
 P®ARSON, J.
 

 The defendant, Hendricks, claims to be a purchaser for a valuable consideration, and in general terms, denies notice of the plaintiff’s equity: but the bill avers that the plaintiff had given notice in a newspaper, published near the residence of the defendant, that the note had been obtained by fraud; and it also avers that the defendant had actually seen this advertisement before the note was assigned to him: to these averments the defendant makes no response, and upon a motion to dissolve an injunction, an allegation in a bill which is evaded and not responded to in the answer, is taken-to be true. So without reference to the allegation that the assignment was after the note fell due (a direct answer to which is also evaded) we consider the defendant, Hendricks, as affected with notice, and consequently subject to all equities that the plaintiff is entitled to against the defendant} Folger. Thus the matter stands as if the defence was in the name of Folger. He meets, directly, with a positive denial, the allegation that he and the other defendant Strowed, were partners, or part owners of the slave, for which Strowed executed a bill of sale, with warranty of soundness. He also meets directly, and by a positive denial, the allegation of the “ sci-enter,” and avers in response to the bill, that if the negro girl was unsound and did not die of pneumonia, but was in fact the subject of consumption, he had, at the time the slave became the property of the plaintiff, no knowledge of the unsoundness, and no interest as a part owner. So the plaintiff’s equity, as regards these two defendants, is fully met and denied by them.
 

 But the plaintiff insists that the motion to dissolve the injunction, ought not to have been entertained, because the other defendant, Strowed, has not answered.
 

 The defendant, Hendricks, is the party enjoined, he answers and is put in the place of the defendant, Folger ; he answers and fully denies the equity of the plaintiff, so far as he is concerned, and the question is, upon what ground can the court
 
 *298
 
 refuse to entertain the motion to dissolve the injunction until the defendant, Strowed answers. The injunction does not reach him, and the plaintiff could not use his answer against the other two defendants, according to the well settled rule, “ an answer cannot be read against a co-defendant, unless he refers to it by his answer as correct, or is so connected with the answering party as to be bound under the ordinary rules of law by his declarations or admissions,” — Mitf. 188, Adams 20. There is no such connection in this case, consequently, if the answer of Strowed was filed, admitting all the allegations of the bill, it could not be used against the defendants, Hendricks and Folger, and of course the fact that Strowed has not answered can furnish no ground for refusing to entertain this motion to dissolve the injunction.
 

 There is no error in the order appealed from. This will be certified.
 

 Per Curiam. Decree accordingly.